IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GRAHAM DEVELOPMENT CORPORATION and MOO MOO MEADOWS, LLC, | § | |
| Plaintiffs, | § | |
| v. | § | 1:25-CV-1196-RP |
| TRAVIS COUNTY, TEXAS, | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiffs Graham Development Corporation and Moo Moo Meadows, LLC (collectively, "Plaintiffs") Motion for Reconsideration, (Dkt. 23), Supplemental Brief in Support of Motion for Reconsideration, (Dkt. 27), and Motion for Leave to File First Amended Complaint, (Dkt. 24). Defendant Travis County, Texas's ("Travis County" or "the County") filed Responses in opposition to Plaintiffs' motions, (Dkts. 29, 30). The Court will analyze Plaintiffs' motions in turn.[1]

## I. LEGAL STANDARDS

### A. Motion for Reconsideration

The Court reviews Plaintiffs' Motion for Reconsideration under Federal Rule of Civil Procedure 54(b). "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See* Fed. R. Civ. P. 54(b). *See also Austin v.*

[1] The Court incorporates the allegations described in the Background section of its Order granting the Motion to Dismiss. (Order, Dkt. 21, at 1–7).

*Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Because the district court was not asked to reconsider a judgment, the district court's denial of [the plaintiff's] motion to reconsider its order denying leave to file a surreply should have been considered under Rule 54(b)."). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). But the mere fact that Rule 54(b) provides for a more flexible approach to reviewing motions for reconsideration does not mean that such motions should automatically be granted. *See Halprin v. Fed. Deposit Ins. Corp.*, No. 5:13-CV-1042-RP, 2017 WL 9808438, at *2 (W.D. Tex. Oct. 17, 2017). Rather, Rule 54(b)'s approach "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Austin*, 864 F.3d at 336 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

**B. Motion for Leave to Amend**

Courts are directed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the Rule "evinces a bias in favor of granting leave to amend," *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996), leave to amend "is not automatic." *Id.* Five factors are pertinent to such a request: "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) "undue prejudice to the opposing party, and (5) futility of the amendment." *Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 281 (W.D. Tex. 2014) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). A proposed amendment is futile if it would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

## II. DISCUSSION

### A. Motion for Reconsideration

On March 17, 2026, the Court dismissed Plaintiffs' federal regulatory takings claim, procedural due process claim, and substantive due process claim with prejudice under Federal Rule of Civil Procedure 12(b)(6); dismissed their federal physical-invasion takings claim without prejudice under Rule 12(b)(6); and dismissed their state-law claims for breach of contract, regulatory taking, and physical-invasion taking without prejudice under Rule 12(b)(1). (Order, Dkt. 21, at 29). Plaintiffs now move for the Court to reconsider the portions of its Order dismissing with prejudice Plaintiffs' federal regulatory takings claim and substantive due process claim and dismissing without prejudice Plaintiffs' parallel state constitutional takings claim under Article I, § 17 of the Texas Constitution. (Mot. for Reconsideration, Dkt. 23, at 1).

Nothing in Plaintiffs' motion persuades the Court to reach a different conclusion upon reconsideration. Regarding Plaintiffs' regulatory takings claims, even if the Court (1) credited Plaintiffs' assertion that their true claim is one of expansion-of-use rather than change-in-use;[2] (2) determined that the City was acting in a sovereign, rather than contractual, capacity;[3] (3) found that Plaintiffs have a protected property interest in expanding the current use of the Property;[4] and (4) found that Plaintiffs' takings claim is prudentially ripe, Plaintiffs still have not plausibly alleged a

---

[2] (*Compare* Compl., Dkt. 1, at 15 ("[T]he Travis County Commissioners voted to deny Plaintiffs' proposed new use of the landfill . . . ."; *with* Mot. for Reconsideration, Dkt. 23, at 6 (stating that Plaintiffs "do[] not seek a true change in use—rather, Plaintiffs plead that they seek to *expand* an existing use.").

[3] *Preston Hollow Cap., L.L.C. v. Cottonwood Dev. Corp.*, 23 F.4th 550, 554 (5th Cir. 2022) (holding that "a government must be acting in its sovereign capacity to effect a taking").

[4] *See City of Univ. Park v. Benners*, 485 S.W.2d 773, 778 (Tex. 1972) (overruled in part on other grounds) ("[P]roperty owners do not acquire a constitutionally protected vested right in property uses once commenced . . . . Otherwise, a lawful exercise of the police power by the governing body of the City would be precluded."). *See also Anding v. City of Austin*, No. 1:22-CV-01039-DAE, 2023 WL 4921530, at *11 (W.D. Tex. Aug. 1, 2023) (citing *Consumer Serv. All. of Tex., Inc. v. City of Dallas*, 433 S.W.3d 796, 805 (Tex. App.—Dallas 2014, no pet.)) ("But property owners do not have a constitutionally protected, vested right to use property in any certain way, without restriction.").

regulatory taking under the *Penn Central* factors. (*See* Order, Dkt. 21, at 20–22). For instance, Plaintiffs argue that the Court erred in not considering the economic impact of the regulation. (Mot. for Reconsideration, Dkt. 23, at 11). Adding that factor into the Court's consideration does not change the outcome, as Plaintiff does not state non-conclusory allegations related to economic impact that would shift the Court's analysis based on Plaintiffs' expectations, the nature of the Property at issue, or the character of the governmental action. *See Murr v. Wisconsin*, 582 U.S. 383, 397–98 (2017). Plaintiffs' motion for the Court to reconsider its holding on their regulatory takings claims is therefore denied.[5]

Next, regarding Plaintiffs' substantive due process claim, Plaintiffs contend that it was improper for the Court's decision to "rest[]" on an analogy put forth by the County in its Response. (Mot. for Reconsideration, Dkt. 23, at 12–13). They also argue that the Court failed to accept as true Plaintiffs' well-pleaded allegations that the proposed use by LKQ Auto Salvage would be less harmful to the Property than the current use. (*Id.* at 13). But "[w]hether the governmental action is rationally related to a legitimate governmental interest is a question of law for the court." *Cripps v. La. Dep't of Agric. & Forestry*, 819 F.3d 221, 232 (5th Cir. 2016) (citing *Hidden Oaks Ltd. v. City of Austin,* 138 F.3d 1036, 1044 (5th Cir. 1998)). Even omitting the Court's footnote that refers to the "sponge" analogy, the Court's analysis also stated:

> But [Plaintiffs] do not grapple with the fact that this admitted-to "larger scale" itself provides the County with a rational[] basis on which to deny their application. The County has a "conceivable legitimate objective" of attempting to stop, or at least decrease, the leachate leakage from the Landfill. It is rational that a "larger scale" use of the Property would be detrimental to that objective.

(Order, Dkt. 21, at 27). As before, the Court finds that Plaintiffs have not met their burden to negate the conceivable bases that support the County's purported rational basis. *See Glass v. Paxton*, 900

[5] A takings claim under Texas law also looks to the *Penn Central* factors. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 935–36 (Tex. 1998).

F.3d 233, 245–46 (5th Cir. 2018) (affirming the district court's grant of a motion to dismiss where the court was "able to hypothesize a legitimate purpose to support the action" and the plaintiff had not "negat[ed] every conceivable basis which might [have] support[ed]" the State's "purported rational basis"); *Mahone v. Addicks Util. Dist. of Harris Cnty.*, 836 F.2d 921, 936 (5th Cir. 1988) (quoting *Holt Civic Club v. City of Tuscaloosa*, 438 U.S. 60, 74 (1978)) (approving of courts handling "rationality review under the auspices of a motion to dismiss" "especially . . . in those cases where . . . 'it takes but momentary reflection' to arrive at a purpose that is both legitimate beyond dispute and rationally related"). Plaintiffs' motion for the Court to reconsider its dismissal of their substantive due process claim is denied.

**B. Motion for Leave to Amend**

In its Order granting the County's Motion to Dismiss, the Court found it possible that Plaintiffs could plausibly plead a physical-invasion takings claim and therefore dismissed that claim without prejudice. (Order, Dkt. 21, at 24–25). Plaintiffs timely filed a motion for leave to replead their physical-invasion takings claim, (Dkt. 24), and attached the proposed amended pleading, (Dkt. 24-1).

"A physical taking may occur 'where real estate is actually invaded by superinduced additions of water, earth, sand, or other material . . . so as to effectually destroy or impair its usefulness.'" *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018) (quoting *Pumpelly v. Green Bay & Miss. Canal Co.*, 80 U.S. (13 Wall.) 166, 181 (1871)). Flooding that is "recurrent . . . even if of finite duration" may be a viable basis for a takings claim. *Ark. Game & Fish Comm'n v. United States*, 568 U.S. 23, 27 (2012) ("We . . . conclude that recurrent floodings, even if of finite duration, are not categorically exempt from Takings Clause liability."). As with other types of takings claims, courts should determine whether the plaintiff has properly alleged an enforceable property right. *Welty v. United States*, 926 F.3d 1319, 1323 (Fed. Cir. 2019) (citing *Lucas v. S.C. Coastal Council*, 505 U.S. 1003,

1014–19 (1992)). The plaintiff must additionally allege that the taking was done for a public use or purpose. U.S. Const. amend. V; Tex. Const. art. I, § 17.

Significantly, the Supreme Court of Texas has held that "mere negligent conduct by the government" is not enough to establish a takings claim, but the "requisite intent is present when a governmental entity knows that a specific act is causing identifiable harm or knows that the harm is substantially certain to result." *Harris Cnty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 759 (Tex. 2016) (quoting *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 555 (Tex. 2004)). Plaintiffs allege in their Proposed First Amended Complaint: "Travis County had actual knowledge that leachate was physically invading the Property, that its remediation measures had not stopped the invasion, and that the invasion was substantially certain to continue unless the County implemented adequate remedial measures." (Proposed 1st Am. Compl., Dkt. 24-1, at 7). Plaintiffs also plead that the County's "invasion and occupation of the Property" is for a public use because of:

> (a) the avoided cost of relocating or disinterring the buried waste; (b) the avoided cost of acquiring alternative land on which to contain the waste; (c) the avoided cost of providing comparable public waste-disposal capacity elsewhere; (d) the avoided cost of the corrective and remedial measures Travis County has repeatedly promised and repeatedly declined to perform, now estimated to exceed $66 million; and (e) the use of the subsurface, surface, and adjacent waters of the Property as the repository, conveyance, and assimilation medium for leachate generated by the public's waste.

(Proposed 1st Am. Compl., Dkt. 24-1, at 8–9). At this early stage of the litigation, viewing these allegations in the light most favorable to Plaintiffs, Plaintiffs' allegations are sufficient to warrant further discovery on their physical-invasion takings claim. The Court will therefore grant Plaintiffs' Motion for Leave to File First Amended Complaint, (Dkt. 24).

However, the Court also takes note of the County's argument that the Court should deny leave to amend in part due to the risk of inconsistent judgments. (Resp., Dkt. 30, at 1–2 & n.1). The County states: "In addition to the eminent domain proceeding, and this suit, Plaintiffs seek to intervene in the suit brought by the State of Texas on behalf of the [Texas Commission on

Environmental Quality ("TCEQ")] and request the same relief sought in this matter." (Resp., Dkt. 30, at 2 n.1). Based on this representation, the Court is concerned that the Supreme Court's *Colorado River* abstention doctrine may apply in this case. As a general rule, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Bank One, N.A. v. Boyd*, 288 F.3d 181, 184 (5th Cir. 2002) (abstention is the exception, not the rule). However, a federal court may stay or dismiss a case in favor of a concurrent state court proceeding in "extraordinary and narrow" circumstances. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999). Courts must base the decision on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). The Court will therefore order briefing on the issue of whether the Court should stay the instant action pending the resolution of the eminent domain proceeding and/or the suit brought by the State of Texas on behalf of TCEQ.

## III. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiffs' Motion for Reconsideration, (Dkt. 23), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint, (Dkt. 24), is **GRANTED**, such that the Clerk of Court is ordered to **FILE** Plaintiffs' First Amended Complaint, (Dkt. 24-1).

**IT IS FINALLY ORDERED** that the County shall submit briefing on or before **September 18, 2026**, regarding whether parallel state proceedings exist such that the Court should stay the instant action. Plaintiffs shall respond on or before **fourteen (14) days** after the County files its briefing, and the County may file a reply on or before **seven (7) days** after Plaintiffs respond.

**SIGNED** on August 31, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE